# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA WALLACE,
                        Appellant,

                v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                        Agency.

DOCKET NUMBER
CH-3330-16-0444-I-1

DATE: February 10, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa Wallace, Steger, Illinois, pro se.

Janet M. Kyte, Esquire, Hines, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed in part and denied in part her request for corrective action in connection with her Veterans Employment Opportunities Act (VEOA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant, a preference-eligible veteran, Initial Appeal File (IAF), Tab 4 at 42, 44, is currently employed by the agency as a GS-11 Program Specialist, having been reassigned to that position on January 24, 2016, from her former position as a GS-11 Readjustment Counseling Therapist, *id.* at 39. On April 28, 2016, she filed a VEOA appeal in which she alleged that she had applied for three positions with the agency in 2012, 2014, and 2015, and that the same selecting official violated her veterans' preference rights by not selecting her. *Wallace v. Department of Veterans Affairs*, MSPB Docket No. CH-3330-16-0363-I-1, Initial Appeal File (0363 IAF), Tab 1 at 5. In a June 3, 2016 initial decision, the administrative judge found that, as to the 2012 and 2014 nonselections, the appellant did not show that she had first exhausted her administrative remedies with the Department of Labor (DOL), and she, therefore, dismissed the VEOA appeal as to those two nonselections for lack of jurisdiction. 0363 IAF, Tab 10 at 5. The administrative judge found that the Board had

jurisdiction over the appellant's appeal as to the 2015 nonselection because she exhausted her remedy with DOL and nonfrivolously alleged that she is a preference eligible, that the nonselection took place after the VEOA's October 30, 1998 enactment date, and that the agency violated her right to veterans' preference in connection with the nonselection. *Id.* The administrative judge further found, however, that the appellant filed her appeal 52 days after the date she received DOL's results of its investigation into her complaint, 37 days after the 15-day statutory deadline, and therefore, as to the 2015 nonselection, the administrative judge dismissed the appeal as untimely filed. *Id.* at 5-6. The initial decision became a final decision of the Board when neither party filed a petition for review. *Id*. at 7.

¶3     In this VEOA appeal, the appellant challenged the same three nonselections. IAF, Tab 1 at 5. In addition, she alleged that she was notified on April 18, 2016, that she also was not selected for the GS-12 position of Supervisory Readjustment Counseling Therapist for which she had applied, *id.* at 8-9, and she appeared to question the qualifications of the selectee, *id.* at 5. Although the appellant did not submit a copy of the May 9, 2016 complaint she filed with DOL, she did submit a copy of DOL's May 23, 2016 closure letter stating that it had determined that the evidence did not support her allegation that the agency had violated her veterans' preference rights regarding the nonselection. *Id.* at 10. In her appeal, the appellant also alleged that, in not selecting her, the agency discriminated against her as a Black female disabled veteran. *Id.* at 5. She requested a hearing. *Id.* at 2.

¶4     The administrative judge issued an Order on VEOA Jurisdiction and Notice of Proof Requirements, IAF, Tab 3, to which the appellant responded, IAF, Tab 4. The agency moved to dismiss certain portions of the appeal, specifically, the parts relating to the 2012, 2014, and 2015 nonselections, on the basis that they duplicated the appellant's previous appeal that itself had been dismissed. IAF, Tab 6. Regarding the 2016 nonselection, the agency argued that it did not violate

the appellant's veterans' preference rights and that, therefore, that portion of the appeal should be dismissed as well. IAF, Tab 7. The administrative judge issued another Order on Jurisdiction in which she first explained that review of the 2012, 2014, and 2015 nonselections was barred by the doctrine of collateral estoppel. IAF, Tab 8 at 3-4. She then found that the appellant had established the Board's jurisdiction as to the 2016 nonselection, *id.* at 5-7, but that, because there was no genuine dispute of material fact, the requested hearing would not be convened, *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008); IAF, Tab 9. Instead, the administrative judge set a date for the close of record, IAF, Tab 9, but neither party made any further submissions.

¶5    In an initial decision based on the written record, the administrative judge first found that, as to the 2012, 2014, and 2015 nonselections, the jurisdictional and timeliness rulings made in the appellant's first appeal barred her, based on collateral estoppel, from raising those claims again in this appeal, and, as to those actions, the administrative judge dismissed the appeal for lack of jurisdiction. *Ford v. U.S. Postal Service*, 118 M.S.P.R. 10, ¶ 11 (2012); IAF, Tab 10, Initial Decision (ID) at 4-5. As to the 2016 nonselection over which she found that the Board has jurisdiction, the administrative judge first noted that the Board lacks jurisdiction to consider the appellant's allegations of discrimination. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 18(2006); ID at 8. In addressing the merits of the claim, the administrative judge found that the appellant failed to prove by preponderant evidence that her 2016 nonselection violated her rights under a statute or regulation relating to veterans' preference, 5 U.S.C. § 3330a(a)(1)(A), or that she was denied the right to compete for that position, 5 U.S.C. § 3330a(a)(1)(B); 5 U.S.C. § 3304(f)(1), and therefore as to the 2016 nonselection, the administrative judge denied corrective action. ID at 10-12.

¶6    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶7   The appellant does not, on review, challenge the administrative judge's dismissal of her appeal regarding the 2012, 2014, and 2015 nonselections for lack of jurisdiction based on collateral estoppel.  PFR File, Tab 1 at 4.  Nor do we discern any reason to disturb that finding.  The issues of the Board's lack of jurisdiction over the 2012 and 2014 nonselections based on a lack of proof of exhaustion by the appellant, and the untimeliness of her appeal of the 2015 nonselection, are identical to those involved in the earlier action; the jurisdictional and timeliness issues were litigated in the previous action; the previous judgment on those matters was necessary to the resulting judgment; and the appellant, as the party precluded, had a full and fair opportunity to litigate the issues in the previous action.  Therefore, the administrative judge properly found that relitigation of the appellant's appeal regarding those three nonselections is precluded under the doctrine of collateral estoppel, *see Ford*, 118 M.S.P.R. 10, ¶ 11, and that that portion of the appeal must be dismissed for lack jurisdiction, *see Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003).

¶8   Regarding the 2016 nonselection, the appellant argues as she did below that the selectee was on active duty when he was selected and therefore was not a veteran.  PFR File, Tab 1 at 4.  The agency acknowledges that the selectee was on active-duty status at the time, PFR File, Tab 3 at 5-6, but disputes the appellant's claim as to his status as a veteran, IAF, Tab 7 at 7.

¶9   We need not resolve this matter because, as a matter of law, the appellant cannot obtain corrective action under VEOA relating to the 2016 nonselection.  The record establishes that the agency sought to fill the 2016 vacancy to which the appellant applied through the merit promotion process.  IAF, Tab 7 at 21, 46.  When an agency uses the merit promotion process, any veterans' preference points under the competitive appointment process to which the appellant is entitled do not apply.  *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382-83 (Fed. Cir. 2007); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9

(2005). Thus, the appellant cannot receive corrective action under 5 U.S.C. § 3330a(a)(1)(A).

¶10 Further, in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) found that, when an agency uses a merit promotion process to fill a position, the "right to compete" provisions in 5 U.S.C. § 3304(f)(1) do not apply when the applicant is a veteran who is already employed in the Federal civil service. 778 F.3d at 1338-39. The Board is bound by this finding. *See Oram v. Department of the Navy*, 2022 MSPB 30, ¶¶ 13, 15-17. Here, it is undisputed that the appellant was employed in the Federal civil service when she applied for the vacancy at issue in 2016. IAF, Tab 1 at 1. Thus, as a matter of law, the appellant is not entitled to recovery on a claim that she was denied a right to compete. *See* 5 U.S.C. § 3330a(a)(1)(B); *Oram*, 2022 MSPB 30, ¶ 17. Accordingly, we agree with the administrative judge's decision to deny the appellant's request for corrective action under VEOA regarding her 2016 nonselection.[2]

¶11 Based on the foregoing, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

[2] Any error on the part of the administrative judge in discussing the merits of a right to compete claim under 5 U.S.C. § 3304(f)(1) in light of the Federal Circuit's decision in *Kerner* did not prejudice either party's rights and thus provides no basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.